IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY MCDANIEL | : | CIVIL ACTION |
| STANLEY MCDANIEL *ON BEHALF* | : | |
| *OF HIS MINOR CHILD LAILA MCDANIEL* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 15-3913 |
| JOSEPH FARRELL | : | |

MEMORANDUM

QUIÑONES ALEJANDRO, J.                                           AUGUST 19, 2015

Stanley McDaniel brings this action on behalf of himself and his minor daughter based on an encounter he had with Joseph Farrell, an officer of the Philadelphia Police Department. McDaniel seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss the complaint.

I.   FACTS

On June 22, 2013, McDaniel and his daughter went to the Franklin Mills Mall to see a movie. During the movie, they were instructed by an employee to exit the theater. When they got outside the theater, Officer Farrell accused McDaniel of stealing his wife's purse and stated "you people always do this," in apparent reference to the fact that McDaniel is African-American. McDaniel denied having taken the purse.

Farrell informed McDaniel that he was a police officer and that his wife was a district attorney. Farrell produced his identification and demanded that McDaniel empty his pockets. He also allegedly touched McDaniel in an offensive manner. When McDaniel responded that any search would be illegal, Farrell "stated that he knew and that he would call the police and stated words to the effect of, 'who do you think they will believe, me or you, I can tell them

1

anything and they will believe me, I can lock you up.'" (Compl. ¶ 13.) McDaniel feared that he would be arrested if he did not comply with Farrell's order, so he emptied his pockets. His daughter, who was present for the entire encounter, began to cry. Farrell and his wife were apparently satisfied that McDaniel had not stolen anything and returned to the theater.

As a result of the incident, McDaniel initiated this action against Farrell and the City of Philadelphia on July 15, 2015. He asserts constitutional claims pursuant to 42 U.S.C. § 1983 and claims under Pennsylvania tort law. Among other things, McDaniel alleges that he and his daughter suffered severe emotional distress as a result of the encounter.

## II. STANDARD OF REVIEW

The Court grants McDaniel leave to proceed *in forma pauperis* because it appears as though he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As McDaniel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

A pro se litigant who is not an attorney may not represent someone else in federal court. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed pro se on behalf of his children in federal

2

court); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him."). Accordingly, the Court will dismiss any claims brought on behalf of McDaniel's daughter without prejudice, because McDaniel may not litigate them.

The claims McDaniel brought on his own behalf are time-barred. Pennsylvania's two-year statute of limitations applies to McDaniel's § 1983 claims and his tort claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations began to run from the time McDaniel "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). McDaniel knew or should have known of the injuries giving rise to his claims on June 22, 2013, the date of his encounter with Officer Farrell. However, he did not file this action until July 15, 2015, more than two years after his claims accrued. Accordingly, the Court will dismiss McDaniel's claims as untimely.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss McDaniel's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). McDaniel will not be given leave to amend his claims because it appears amendment would be futile. The Court will dismiss any claims brought on behalf of McDaniel's daughter without prejudice. An appropriate order follows.